**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KELLY MATICH,** | : | **No. 3:25cv1097** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **DILIGENT DELIVERY SYSTEMS,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM ORDER**

On June 16, 2025, Plaintiff Kelly Matich filed this action against her former employer, Defendant Diligent Delivery Systems, challenging its response after a jilted ex-spouse sent Diligent photographs of Matich. (See generally Doc. 1). Following Diligent's first motion to dismiss, (Doc. 6), plaintiff filed an amended complaint as of right. (Doc. 7); see FED. R. CIV. P. 15(a)(1)(B). Before the court is Diligent's motion to dismiss the amended complaint for failure to state a claim, or in the alternative, to strike various portions of the amended complaint. (Doc. 8).

**Background**[1]

[1] At the motion to dismiss stage, facts alleged in plaintiff's amended complaint are taken as true. Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017). To comply with this standard, the court recites the factual background nearly verbatim as to that alleged in the amended complaint, while omitting legal conclusions, speculative statements, or argument. (See Doc. 7). No imprimatur of the court as to the veracity of these facts is given or should be inferred. Quotation marks are omitted when quoting from facts in the amended complaint.

On March 20, 2019, plaintiff began employment with defendant. (Doc. 7 ¶ 16). On March 2, 2022, plaintiff's counsel sent a letter to Diligent's counsel, stating that "Diligent had intimate, half-naked, private, and confidential photographs of plaintiff, unlawfully purloined by the ex-spouse of George O'Brien, her significant other, and maliciously sent to Diligent." Id. ¶ 27. Plaintiff discovered that the photographs were stolen from a camera owned by Mr. O'Brien and informed Diligent's counsel of such. Id. ¶ 29. Plaintiff continually requested Diligent to return the photographs, but Diligent refused to do so. Id. ¶ 30.

Diligent sent a letter to plaintiff on February 7, 2022, requiring her to acknowledge in writing that Diligent's employee policies were to be followed. Id. ¶ 32. Nothing in the letter indicated how or if plaintiff had failed to abide by Diligent's employee policies. Id. ¶ 33. On March 2, 2022, a Diligent secretary told plaintiff that Diligent had so much more money than plaintiff did and therefore she should not consider suing Diligent. Id. ¶ 35. Neither at that time nor thereafter did plaintiff threaten to sue Diligent. Id. ¶ 36. Diligent's employment policies prohibit sexual harassment, retaliation, and a hostile environment. Id. ¶ 37. Over 30 employees at Diligent now possess the photographs. Id. ¶ 39.

Diligent did not allow plaintiff time to attend her mother's funeral. Id. ¶ 42. Thereafter, plaintiff was terminated on July 6, 2023, after being told she was

getting a raise. Id. ¶ 41. The reason Diligent gave for terminating plaintiff was that her job was being eliminated. Id. ¶ 43. The next day, plaintiff's job was offered to a driver as an operations manager. Id. ¶ 44.

On these facts, plaintiff brings a count of Title VII sexual harassment, hostile environment, and unlawful retaliation, a count of unlawful retaliation under the Pennsylvania Human Relations Act ("PHRA"), and a state law claim of intentional infliction of emotional distress. Id. at 7–10.[2] Defendant moves to dismiss on the grounds that the claims are barred by the doctrines of res judicata and collateral estoppel, fail to state a claim, and are untimely. (Docs. 8, 12). In the alternative, defendant moves to strike certain allegations in the amended complaint because they have been "adjudicated as false by courts of competent jurisdiction." (Doc. 12 at 11 (citation modified)).

**Standard of Review**

A court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. To survive a motion to dismiss, "a complaint must provide 'a short plain statement of the claim showing that the pleader is entitled to relief.'" Doe v. Princeton Univ., 30 F.4th 335, 341–42 (3d Cir. 2022) (quoting FED. R. CIV. P. 8(a)(2)). This means "a complaint must contain sufficient factual

[2] By asserting a cause of action under Title VII, Matich invokes this court's federal question jurisdiction. 28 U.S.C. § 1331. The court exercises supplemental jurisdiction over plaintiff's state law claims. 28 U.S.C. § 1367(a).

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pleaded which allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

The court evaluates motions to dismiss using a three-step process. The first step involves identifying the elements of each claim. Oldham v. Pa. State Univ., 138 F.4th 731, 743 (3d Cir. 2025). The second step involves reviewing the operative pleading and "disregarding any formulaic recitation of the elements of a claim or other legal conclusion, as well as allegations that are so threadbare or speculative that they fail to cross the line between the conclusory and factual." Lutz v. Portfolio Recovery Assocs., LLC, 49 F.4th 323, 328 (3d Cir. 2022) (citation modified). "The third step evaluates the plausibility of the remaining allegations." Id. In evaluating the plausibility of the plaintiff's allegations, the court accepts all factual allegations as true, construes the complaint in the light most favorable to plaintiff, and draws all reasonable inferences in plaintiff's favor. Id. (citations omitted).

**Analysis**

Rather than focusing on the elements of Matich's claims and explaining how she fails to plausibly state them, defendant invokes various affirmative defenses to support dismissal. (See generally Doc. 12). The affirmative defenses raised in defendant's brief are (1) res judicata; (2) collateral estoppel; and (3) statute of limitations. Id.; see FED. R. CIV. P. 8(c)(1). While such defenses may form the basis of dismissal in a Rule 12(b)(6) motion, Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997), such is only the case when the defense is "apparent on the face of the complaint." Id. (quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).

Here, the defenses Diligent raises are not apparent on the face of the amended complaint. As to the possibility that there were two charges made to the EEOC such that some (or all) of the claims brought are barred by a statute of limitations, (see Doc. 12-13; Doc. 13-1 ¶ 107), the amended complaint alleges only that one notice of right to sue was issued in March 2025 related to a charge plaintiff filed in May 2022. (Doc. 7 ¶ 13). Any facts or attachments suggesting otherwise must be presented through a motion for summary judgment, not a motion to dismiss.[3]

[3] The possibility that plaintiff did not fully apprise this court of the complete EEOC procedural history gives rise to weighty candor before the tribunal concerns. The court will temper such concerns until the parties are able to clarify and fully brief their positions on this matter.

Defendant also argues that plaintiff's claims are barred by res judicata or collaterally estopped because of arbitration proceedings in Texas. (See generally Doc. 12). But those details are not apparent from the face of the amended complaint, only that the proceedings took place and a "*de facto* default judgment" was obtained therein. (Doc. 7 ¶ 1). Whatever facts were found or conclusions of law were made in those proceedings may only be considered at summary judgment. See Brody v. Hankin, 145 F. App'x 768, 772–73 (3d Cir. 2005) (merely discussing the fact of arbitration in complaint does not "open[ ] the door" to considering or taking judicial notice of underlying facets of the arbitration proceedings). For these reasons, the court is unpersuaded to dismiss Matich's amended complaint.

In the alternative, Diligent moves to strike various paragraphs from the amended complaint. While "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, FED. R. CIV. P. 12(f), defendants seek to strike paragraphs from the amended complaint that are contradicted by findings of fact or conclusions of law from the aforementioned arbitration proceedings. (Doc. 8 at 13). This is merely an attempt to use Rule 12(f) as an end run to a successful res judicata or collateral estoppel argument without the need for summary judgment. That is not what Rule 12(f) is for. By its very terms, Rule 12(f) seeks to excise material

unnecessary for the resolution of a claim. It cannot be weaponized to eliminate facts and claims from a complaint such that the case's resolution becomes a foregone conclusion.

Finally, defendant argues that plaintiff "fails to state a claim" because choice of venue and choice of law provisions, and an arbitration clause, exist within the parties' employment contract. (Doc. 8 at 11–12). But the court does not read defendant as seeking to enforce any of those provisions by changing venue or staying this case to arbitrate. Rather, the court understands defendant as arguing that previous arbitration proceedings governed by those provisions should bar plaintiff's claims in this forum. As explained above, that argument may be made at summary judgment.

To expedite that process, it is the court's intention, pursuant to Federal Rule of Civil Procedure 12(d), to convert the instant motion to dismiss to a motion for summary judgment and deny the motion to strike. Doing so requires giving notice and "a reasonable opportunity to present all the material that is pertinent to the motion." Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989); FED. R. CIV. P. 12(d). It is therefore **ORDERED** that:

1) Defendant's motion to dismiss, (Doc. 8), is converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d);

2) Defendant's motion to strike, (Doc. 8), is **DENIED**;

3) Defendant shall file its statement of undisputed material facts pursuant to Local Rule 56.1 no later than **December 15, 2026**. Defendant may cite to exhibits already in the record and may supplement the record with any additional declarations or exhibits it deems necessary. There is no need to refile items already in the record. Defendant shall file a supplemental brief in support of its motion for summary judgment. Such brief **must include** citations to controlling law supporting all of defendant's legal positions;

4) Plaintiff shall file her response to defendant's statement of undisputed material facts, as well a brief in opposition, declarations, documents, or other evidence no later than **January 16, 2027**. The brief **must include** citations to controlling law supporting plaintiff's opposition; and

5) Defendant may file a reply brief no later than **February 1, 2027**.

**Date:** 11-18-26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**